No. 716

PENN. RD. CO. v. BRAME, Jr.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 734. Decided March 23, 1927.

829. NEGLIGENCE — 301. Contributory Negligence.—Where trespasser on railroad right-of-way catches foot in switchfrog, and fireman of locomotive which ran over trespasser saw, or ought to have seen his predicament, so that he could have warned engineer in time to stop train, doctrine of last clear chance applies and company is liable.

Error to Common Pleas.
Judgment affirmed.

Matthews & Matthews, Dayton, for Railroad Co.

Mattern, Brumbaugh & Mattern and I. L. Jacobson, Dayton, for Brame.

FERNEDING, J.

This action was one for personal injuries. Thomas Brame, Jr., aged about eight years, brought this action, by his next friend, against the Railroad Company.

While walking along the railroad tracks, his foot became fastened in a switchfrog. Before he could be loosened, he was run over by a train and his foot was cut off. The jury, in the trial court, rendered an unanimous verdict in favor of the plaintiff in the amount of $15,-000.

It is contended, by the railroad company, that a verdict should have been instructed for the defendant, on the ground that the plaintiff below was a trespasser, and that the boy was guilty of contributory negligence as a matter of law. So far as contributory negligence, speaking technically, is concerned, the boy being eight years of age, that question was one for the jury under proper instructions from the court. The question of whether the boy was a trespasser upon the tracks and right-of-way of the railroad company naturally presents a different question. One of the issues tendered by the petition in the court below was the so called doctrine of the last clear chance. The evidence tended to prove that at least the fireman upon the approaching engine, could, in the exercise of ordinary care, and probably did see the boy in his helpless condition in time to advise the engineer so that the latter could have stopped the train in time to have prevented the accident. We think there was sufficient evidence, upon this assignment of error, to have justified the trial court in submitting the case to the jury and to have justified the jury in returning a verdict in favor of the plaintiff.

Finding no prejudicial error judgment of the Court of Common Pleas is affirmed.

(Kunkle and Allread, JJ., concur.)